UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

TIMOTHY PAXTON,

                Plaintiff,

v.

Commissioner of Social Security,

                Defendants.

3:14-cv-576-TC

ORDER

COFFIN, Magistrate Judge:

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income benefits.

Plaintiff asserts disability beginning September 30, 2007,[1] due to IBS, Asperger's, depression, osteoarthritis (hip, feet, hands, back), OCD, and a need for a back and knee brace. Tr. 219. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled. Plaintiff contends that the ALJ erred in: (1) rejecting the opinion Dr. Kay Stradinger; (2) rejecting plaintiff's

---

[1] In his initial applications for benefits, plaintiff asserted disability beginning October 16, 2008, but amended the onset date on May 16, 2011. Tr. 174.

Page 1 - ORDER

testimony about his limitations; (3) rejecting the opinion of Dr. Noah Roost; and in (4) failing to find plaintiff's depressive condition severe.

A.  Plaintiff's Credibility

Although plaintiff alleged several physical impairments in addition to his autism spectrum disorder, he essentially argues that his limitations in social functioning and interacting with others are disabling and does not contest the ALJ's findings that his physical impairments are non-severe.

Plaintiff describes his Asperger's symptoms as being present since childhood. E.g., Tr. 322. Plaintiff testified that he is unable to hold a full-time job because he "is not the most social creature on the planet [and has] a hard time dealing with people in [a] social atmosphere." Tr. 31. Accordingly, plaintiff maintains that he cannot get along with his bosses and got fired from most of the jobs he held. The ALJ found plaintiff's statements concerning the limiting effects of his symptoms not entirely credible. Tr. 15. The ALJ noted that plaintiff's Asperger's is treatable and he has been urged to enroll in psychological counseling support groups, but that plaintiff has declined to participate in such treatment. Tr. 15, 290 (although unlikely plaintiff will recover from Asperger's, his problems are treatable, but he has chosen not to go to adult Asperger's group) . The ALJ also noted that plaintiff failed to get tested for Asperger's until he was 55 years old. Tr. 18. The ALJ may consider unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment in assessing credibility. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008). The ALJ's finding is supported by substantial evidence and is sufficiently clear and convincing reason to discount plaintiff's disabling symptom testimony. See Parra v. Astrue, 481 F.3d 742, 750–51 (9th Cir. 2007).

Page 2 - ORDER

The ALJ also noted that plaintiff's testimony that he cannot work is inconsistent with his own reports. Tr. 15-16, 18. See Tr. 285-86 (plaintiff notes that he worked successfully in occupations where he works by himself such as a library aid position he held for two years in which he quit because of the heat of the locale, not interpersonal problems). Again, this is a sufficiently clear and convincing reason supported by the record justifying the ALJ's credibility determination. See Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (Even activities that suggest some difficulty functioning are grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment); Turner v. Commissioner of Social Sec., 613 F.3d 1217, 1225 (9th Cir. 2010) (ALJ properly rejected implication of disability because of inability to put up with people where claimant made exaggerated statements). Accordingly, the ALJ did not err in rejecting plaintiff's claims of totally disabling symptoms of social functioning.

B.    Dr. Kay Stradinger

Dr. Stradinger examined plaintiff and opined that plaintiff would have a very difficult time interacting appropriately, effectively, independently, and on a sustained basis with supervisors, co-workers, and the public. Tr. 291. The ALJ did not reject this opinion, but incorporated it into plaintiff's residual functional capacity assessment. Although plaintiff argues that such an opinion establishes disability as a matter of law,[2] the ALJ appropriately accounted for the impairment and

---

[2] Plaintiff cites SSR 85-15 in which the Administration provides an example of a justified finding of disability where a mental impairment causes a substantial loss of ability to respond appropriately to supervisors, coworkers, and usual work situations. However, Stradinger did not opine as to "usual work situations." Moreover, the ALJ sought the opinion of a vocational expert as to the availability of work where an individual has impaired ability to interact with others.

Page 3 - ORDER

a vocational expert provided substantial evidence that such limitation did not preclude all work.

The ALJ determined that plaintiff is limited to a simple routine work environment without public contact. That he works best alone and not as a part of team to complete work duty assignments with only brief minimal contact with co-workers and supervisors. Tr. 14. While plaintiff interprets Dr. Stradinger's opinion as precluding even brief minimal contacts, the ALJ's interpretation is reasonable given that plaintiff has a past employment history and still regularly works (at a non-SGA level) tuning pianos for customers and performing music gigs. Indeed, Dr. Stradinger did state that plaintiff would be able to cognitively complete simple and repetitive work type tasks in the workplace. Tr. 291. Accordingly, the ALJ did not err with respect to this opinion.

Dr. Stradinger also opined that plaintiff might have a difficult time completing a full workday or workweek on a sustained basis due to difficulties with concentration and attention related to Asperger's. Tr. 291. The ALJ rejected this opinion as inconsistent with plaintiff's work activities, performance of household chores, his help with his son's homework, and driving his wife and child in the car. Tr. 16. Plaintiff worked for two years as a library aid four days a week, worked for over twenty years giving private lessons as a music teacher one day a week, worked for nearly 30 years one day per week tuning pianos and worked three months full time unloading trucks. Tr. 220. In addition, plaintiff's wife does not drive so he shuttles his wife and son and is always there if his 19 year old autistic son needs help on life matters or school work. Tr. 233. The ALJ appropriately found such activities inconsistent with Dr. Stradinger's opinion and rejected it. See, e.g., Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001).

C.  Dr. Noah Roost

Dr. Roost assessed plaintiff with a GAF score of 48. Plaintiff argues that this is a score that indicates inability to work. The GAF score by itself is not dispositive of disability. Indeed, Dr. Roost failed to list any specific functional limitations and the ALJ rejected therefore rejected it. The ALJ also rejected it because of its reliance on plaintiff's subjective testimony which, as noted above, lacks credibility, and its inconsistency with plaintiff's work activity. Tr. 17. This is sufficient reasoning to reject the opinion. See, e.g., Morgan v. Commissioner of Social Sec. Admin. 169 F.3d 595, 601 (9th Cir. 1999).

D.  Depression

The ALJ determined that plaintiff's alleged depression was not a severe impairment. Although the step two determination is a *de minimus* screening, the alleged impairment must still significantly limit physical or mental ability to do basic work activities. The record does not demonstrate that plaintiff's depression is severe and he does not articulate its limitations. Plaintiff did not seek treatment for depression and to the extent he alleges that it is disabling, the ALJ appropriately found him to lack credibility. Moreover, the ALJ did limit plaintiff to simple routine work which accounts for any supported mental limitations.

## CONCLUSION

For the reasons stated above, the decision of the Commissioner is affirmed.

DATED this \_\_9\_\_ day of June 2015.

THOMAS M. COFFIN
United States Magistrate Judge

Page 5 - ORDER